UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ABRAHAM BAROUSALIAN, ET AL**                         **CIVIL ACTION**

**VERSUS**

**CITY OF BATON ROUGE, ET AL**                          **NO. 07-385-B-M2**

## RULING & ORDER

This matter is before the Court on the Motion to Deem Requests for Admission Admitted (R. Doc. 37), the Motion for Sanctions (R. Doc. 38), and the Motion to Compel Responses to Discovery (R. Doc. 39) filed by plaintiffs, Abraham Barousalian, Maral Kloumian, and Yeghia Barousalian (collectively "plaintiffs"). Defendants, Eugene Rafferty, Charles Thompson, John Thomas, James Gewalt, Lynn Ferguson, Robert Rachal, Otis Nacoste, Tillman Cox, Stephonne Lewis, Daniel Poe, Leo Keller, Gerard Bloom, James Kurts, Roderick McCoy, Sr., and Robert Schilling (collectively "officer defendants"), have not filed an opposition to plaintiffs' motions.

## FACTS & PROCEDURAL BACKGROUND

On June 4, 2007, plaintiffs filed this suit against the City of Baton Rouge, through Mayor Melvin "Kip" Holden; Jeff LeDuff, Chief of Police for the City of Baton Rouge, in his official capacity; and Officers John Doe of the City of Baton Rouge, for an alleged violation of Abraham Barousalian's ("Mr. Barousalian") rights secured by the Civil Rights Act of 1871, 42 U.S.C. §1983, the Fourth and Fourteenth Amendments to the U.S. Constitution, and the laws and Constitution of the State of Louisiana. They contend that, on or about June 3, 2006, Mr. Barousalian was detained and later arrested by "presently unknown

1

police officers employed by the City of Baton Rouge," and that, during the course of his detention, Mr. Barousalian was physically abused by at least one such officer, causing "serious injury resulting in emergency surgery in order to prevent imminent death." Plaintiffs allege that, as a result of the alleged abuse, Mr. Barousalian suffered multiple ruptured blood vessels, that forty-two (42) staples were required to stabilize him, and that he spent seven (7) to ten (10) days in the hospital recovering.  On information and belief, plaintiffs contend that Mr. Barousalian's injuries were caused by blunt trauma to his abdomen.  Plaintiffs allege that Mr. Barousalian has suffered severe and longstanding psychological injury as a result of the incident, and they seek both compensatory and punitive damages on behalf of Mr. Barousalian and damages for loss of consortium on behalf of the other named plaintiffs,[1] as well as attorney's fees and costs pursuant to 42 U.S.C. §1988.

On January 24, 2008, plaintiffs filed their First Supplemental and Amending Complaint ("amended complaint"), wherein they named the above-listed officers as defendants in their individual and official capacities and alleged that, on or about June 3, 2006, those individuals were employed as police officers by the City of Baton Rouge and that Mr. Barousalian was "physically abused by one or more of the defendant officers causing injury resulting in emergency medical care and surgery in order to prevent imminent death."  On October 27, 2008, the officer defendants filed an Answer to plaintiffs' amended complaint.

---

[1] The other named plaintiffs in this matter are alleged to be Mr. Barousalian's biological mother and father.

On November 24-25, 2008, plaintiffs' counsel propounded Requests for Admission and Interrogatories and Requests for Production of Documents to the officer defendants. In the over five (5) months that have elapsed since defense counsel was served with those discovery requests, the officer defendants have failed to submit any responses or objections.[2]  By letters dated December 19, 2008 and February 2, 2009, plaintiffs' counsel followed up on the status of receiving the officer defendants' discovery responses, sought deposition dates for the various officers, and advised that he would be forced to file a motion to compel and/or a motion for sanctions if defense counsel did not submit discovery responses as soon as possible.  *See*, Exhibits B and C to plaintiffs' motion to compel. When plaintiffs' counsel did not receive the officer defendants' discovery responses by April 29, 2009, he filed the present Motion to Deem Requests for Admission Admitted and Motion to Compel Responses to Discovery.  Through those motions, plaintiffs seek to have their requests for admission deemed admitted because of the officer defendants' failure

---

[2] Plaintiffs' counsel notes in his motion that the discovery requests at issue in this motion were actually sent to defense counsel even earlier, on February 6, 2008, when plaintiffs propounded discovery requests to the City of Baton Rouge, Mayor Holden, and Police Chief LeDuff.  At that time, the discovery requests directed to the officer defendants were sent to defense counsel as a "professional courtesy" because, although not yet formally enrolled, defense counsel had apparently informed plaintiffs' counsel that he would be representing all of the defendants in this matter.  At that time, however, defense counsel was only formally enrolled as counsel for the City, the Mayor, and the Police Chief.  The discovery requests directed to the City, the Mayor, and the Police Chief have been the subject of a prior motion to compel (R. Doc. 13), which was granted by this Court on October 14, 2008.  Despite the Court having granted that prior motion to compel and having ordered the City, the Mayor, and the Police Chief to respond to plaintiffs' discovery requests, those defendants have also failed to provide any responses or objections over the past six (6) months since the Court's order.  That failure is the subject of plaintiffs' present motion for sanctions.

to respond thereto within the thirty (30) day deadline set forth in Fed. R. Civ. P. 36. Plaintiffs also seek to have the Court compel the officer defendants to respond to their Interrogatories and Requests for Production and to award plaintiffs the $350.00 in attorney's fees for the two (2) hours expended by plaintiffs' counsel in preparing and filing their motion to compel.

Finally, as mentioned above in Footnote 2, plaintiffs' motion for sanctions relates to the failure of defendants, City of Baton Rouge, Mayor Holden, and Chief of Police LeDuff, to provide complete responses to discovery requests, which were directed to them on February 6, 2008, within fifteen (15) days of the Court's October 14, 2008 Order (R. Doc. 30) that granted a prior motion to compel by plaintiffs.[3]  Plaintiffs request that the City, the

---

[3] The October 14, 2008 Order provides:

> IT IS ORDERED that the Motion to Compel Responses to Discovery (R. Doc. 13) filed by plaintiffs, Abraham Barousalian, Maral Kloumian, and Yeghia Barousalian, is hereby GRANTED and that defendants, City of Baton Rouge, Melvin Holden, and Chief of Police Jeff LeDuff, are to provide complete responses to plaintiffs' Interrogatories and Requests for Production of Documents within fifteen (15) days of this Order.
>
> IT IS FURTHER ORDERED that plaintiffs are entitled to an award of attorney's fees and expenses associated with the preparation and filing of this motion to compel, and that, if the defendants disagree with the award of attorney's fees proposed in plaintiff's motion, they shall submit an opposition to such proposal within ten (10) days of the date of this Order so the Court can make a final determination relative to such award.

*See*, R. Doc. 30.

Mayor, the Police Chief, and/or their counsel be sanctioned in accordance with Fed. R. Civ. P. 37(b)(2)(A) and that, in imposing sanctions, the Court take into account the "clear record of delay tactics employed by the [d]efendants" in this case.  Plaintiffs specifically pray for an award of such reasonable expenses and attorney's fees "as are appropriate and just relative to the [d]efendants' failure to comply with the Order of this Honorable Court" and aver that their counsel has spent at least four point two (4.2) hours, at a rate of $175.00 per hour, in researching, drafting, and preparing the motion for sanctions and its supporting memorandum, resulting in a total attorney's fees award of $735.00.

## **LAW & ANALYSIS**

**I.      Defendants' failure to file an opposition to plaintiffs' motions:**

Pursuant to Rule 7.5M of the Local Rules of the Middle District of Louisiana, a memorandum in opposition to a motion must be filed within twenty (20) days after service of the motion.  The rule specifically provides:

> LR7.5M      Response and Memorandum
>
> Each respondent opposing a motion shall file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 20 days after service of the motion. Memoranda shall contain a concise statement of the reasons in opposition to the motion, and a citation of authorities upon which the respondent relies.  For good cause appearing therefor, a respondent may be required to file a response and supporting documents, including memoranda, within such shorter or longer period of time as the court may order, upon written ex parte motion served on all parties.

The present motions were filed on April 29, 2009, and the Court's electronic filing system

indicates that defense counsel was electronically served with notice of the filing of the motions on that same date at 11:22 p.m. CDT, 11:29 p.m. CDT, and 11:40 p.m. CDT respectively. More than twenty (20) days have elapsed since the service of the motions, and the defendants have failed to file oppositions. The plaintiffs' motions are therefore deemed to be unopposed. In addition to being unopposed, the Court finds that the motions have merit for the reasons discussed below and should be granted.

**II.      Plaintiffs' Motion to Deem Requests for Admission Admitted and Motion to Compel:**

Pursuant to Fed. R. Civ. P. 36(a)(3), a written request to admit is admitted unless, within thirty (30) days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. Fed. R. Civ. P. 36(a)(3). A shorter or longer time for responding may be stipulated to under Rule 29 or may be ordered by the court. *Id.* A matter admitted under Rule 36 is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Fed. R. Civ. P. 36(b). Subject to Rule 16(e), the court may permit withdrawal or amendment: (1) if it would promote the presentation of the merits of the action, and (2) if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. *Id.* Even when those two (2) factors are established, however, a district court still has

discretion to deny a request for leave to withdraw or amend an admission. *In re Carney*, 258 F.3d 415 (5th Cir. 2001).[4]

Additionally, under Fed. R. Civ. P. 33 and 34, a party upon whom interrogatories and requests for production of documents have been served shall serve a copy of the answers, and objections if any, to such discovery requests within thirty (30) days after the service of the requests. Fed. R. Civ. P. 33 and 34. A shorter or longer time may be directed by court order or agreed to in writing by the parties. *Id.*

Because the officer defendants have not submitted any written responses or objections to plaintiffs' requests for admission and discovery requests within thirty (30) days after they were served and have not obtained a court order or a written agreement from plaintiffs extending the time period within which to respond, plaintiffs' motion to deem requests for admission admitted and their motion to compel will be granted. The officer defendants have failed to establish that the two (2) factors set forth in Rule 36(b), which would allow for withdrawal or amendment of the facts deemed admitted, exist in this case.

Relative to the interrogatories and requests for production of documents, the officer defendants shall submit complete responses to such discovery requests within twenty (20) days of this Order and shall pay the reasonable attorney's fees and costs that plaintiffs

---

[4] *See also, United States v. Kasuboski*, 834 F.2d 1345, 1350, n. 7 (7th Cir. 1987)("[R]ule 36(b) allows withdrawal of admissions if certain conditions are met and the district court, in its discretion, permits the withdrawal"); *Donovan v. Carls Drug Co. Inc.*, 703 F.2d 650, 652 (2d Cir. 1983)("Because the language of [Rule 36(b)] is permissive, the court is not required to make an exception to Rule 36 even if both the merits and the prejudice issues cut in favor of the party seeking exception to the rule").

incurred in bringing their motion to compel. Plaintiffs submit that their attorney expended two (2) hours preparing and filing their motion to compel at an hourly rate of $175.00, resulting in a requested award of $350.00 in attorney's fees. Because defense counsel was previously allowed the opportunity to object to plaintiffs' counsel requested hourly rate of $175.00 in conjunction with plaintiffs' prior motion to compel filed on September 17, 2008, and he failed to do so, such hourly rate is deemed unopposed. Moreover, the Court finds that such rate is reasonable given that is at the low end of the customary billing rate range attested to by plaintiffs' counsel. Furthermore, the Court does not find that plaintiffs' counsel's expenditure of two (2) hours preparing the motion to compel is unreasonable. Accordingly, the officer defendants and/or their counsel shall pay $350.00 in attorney's fees to the plaintiffs within twenty (20) days of this Order.

**II.    Plaintiffs' Motion for Sanctions:**

Pursuant to Fed. R. Civ. P. 37(b)(2)(A), if a party fails to obey a court order to provide or permit discovery, the court where the action is pending may issue further just orders. Those orders may include the following:

    (1)    directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

    (2)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

    (3)    striking pleadings in whole or in part;

    (4)    staying further proceedings until the order is obeyed;

    (5)    dismissing the action or proceeding in whole or in part;

> (6) rendering a default judgment against the disobedient party; or
>
> (7) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*See*, Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Instead of or in addition to the above orders, the court must order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. *See*, Fed. R. Civ. P. 37(b)(2)(C).

The specific remedy requested by plaintiffs as a result of defendants' failure to comply with the Court's October 14, 2008 Order is a monetary remedy, *i.e.*, they request payment of the reasonable costs and attorney's fees associated with the filing of their motion for sanctions. The Court agrees that such a remedy is the most appropriate based upon the record in this matter. As discussed above, the Court finds plaintiffs' counsel's unopposed, requested hourly rate of $175.00 to be appropriate. The requested number of hours expended researching, drafting and preparing the motion for sanctions is slightly high, however, given that the motion involved limited legal research and uncomplicated legal issues. Accordingly, the Court will reduce the requested number of hours to two (2) hours. As such, defendants, City of Baton Rouge, Mayor Holden, and Police Chief LeDuff, and/or their counsel shall pay a total of $350.00 to plaintiffs relative to the attorney's fees they incurred in connection with the preparation and filing of their motion for sanctions. When that $350.00 is added to the $437.50 owed in connection with the Court's October 14, 2008 Order, those defendants and/or their counsel owe a total of $787.50 to the

plaintiffs for their continued failure to respond to the discovery requests directed to them by the plaintiffs. Finally, such defendants shall also submit complete responses to the Interrogatories and Requests for Production propounded to them by plaintiffs in February 2008 within twenty (20) days of this Order.

Accordingly;

**IT IS ORDERED** that the Motion to Deem Requests for Admission Admitted (R. Doc. 37), the Motion for Sanctions (R. Doc. 38), and the Motion to Compel Responses to Discovery (R. Doc. 39) filed by plaintiffs, Abraham Barousalian, Maral Kloumian, and Yeghia Barousalian, are hereby **GRANTED**, as modified in the above Ruling.

**IT IS FURTHER ORDERED** that the Requests for Admission propounded to defendants, Eugene Rafferty, Charles Thompson, John Thomas, James Gewalt, Lynn Ferguson, Robert Rachal, Otis Nacoste, Tillman Cox, Stephonne Lewis, Daniel Poe, Leo Keller, Gerard Bloom, James Kurts, Roderick McCoy, Sr., and Robert Schilling, shall be **DEEMED ADMITTED** for purposes of this litigation.

**IT IS FURTHER ORDERED** that defendants, Eugene Rafferty, Charles Thompson, John Thomas, James Gewalt, Lynn Ferguson, Robert Rachal, Otis Nacoste, Tillman Cox, Stephonne Lewis, Daniel Poe, Leo Keller, Gerard Bloom, James Kurts, Roderick McCoy, Sr., and Robert Schilling, shall produce complete responses to the Interrogatories and Requests for Production of Documents propounded to them by plaintiffs within twenty (20) days of this Order and that they and/or their counsel shall pay plaintiffs $350.00 in attorney's fees in relation to plaintiffs' motion to compel within twenty (20) days of this Order.

**IT IS FURTHER ORDERED** that defendants, City of Baton Rouge, Mayor Melvin "Kip" Holden, and Chief of Police Jeff LeDuff, and/or their counsel of record shall pay, within twenty (20) days of this Order, a total of $787.50 to plaintiffs for the attorney's fees they incurred in connection with the preparation and filing of their motion for sanctions.

**IT IS FURTHER ORDERED** that defendants, City of Baton Rouge, Mayor Melvin "Kip" Holden, and Chief of Police Jeff LeDuff, shall produce complete responses to the Interrogatories and Requests for Production of Documents propounded to them by plaintiffs on February 6, 2008 within twenty (20) days of this Order.

Signed in chambers in Baton Rouge, Louisiana, June 2, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**