# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ABRAHAM BAROUSALIAN, ET AL**                                    **CIVIL ACTION**

**VERSUS**

**CITY OF BATON ROUGE, ET AL**                                    **NO. 07-385-B-M2**

## RULING & ORDER

      This matter is before the Court on the Second Motion for Sanctions (R. Doc. 44) filed by plaintiffs, Abraham Barousalian, Maral Kloumian, and Yeghia Barousalian (collectively "plaintiffs"). Defendants, the City of Baton Rouge, Mayor Melvin Holden, and Chief of Police Jeff LeDuff (collectively "defendants"), have filed an untimely opposition (R. Doc. 47) to this motion.[1]

## PROCEDURAL BACKGROUND

      The procedural background of this case was discussed in detail in the undersigned's June 2, 2009 Ruling & Order (R. Doc. 42), wherein the Motion to Deem Requests for Admission Admitted (R. Doc. 37), a Motion for Sanctions (R. Doc. 38), and a Motion to Compel (R. Doc. 39) filed by the plaintiffs were granted. In that Ruling, the following orders were issued:

---

[1] Local Rule 7.5M of the Middle District of Louisiana requires that memoranda in opposition to a motion be filed within twenty (20) days after service of the motion. Plaintiffs' second motion for sanctions was electronically filed on October 14, 2009, and the Court's electronic filing system indicates that notice of the filing of such motion was served upon defense counsel electronically on that same date at 10:59 a.m. CDT. Defendants did not file their opposition until twenty-six (26) days later, rendering their opposition technically untimely. Nevertheless, because the opposition was not significantly untimely, and it appears that defendants have now submitted discovery responses to the plaintiffs, albeit also untimely, the Court will consider defendants' opposition.

1

**IT IS ORDERED** that the Motion to Deem Requests for Admission Admitted (R. Doc. 37), the Motion for Sanctions (R. Doc. 38), and the Motion to Compel Responses to Discovery (R. Doc. 39) filed by plaintiffs, Abraham Barousalian, Maral Kloumian, and Yeghia Barousalian, are hereby **GRANTED**, as modified in the above Ruling.

**IT IS FURTHER ORDERED** that the Requests for Admission propounded to defendants, Eugene Rafferty, Charles Thompson, John Thomas, James Gewalt, Lynn Ferguson, Robert Rachal, Otis Nacoste, Tillman Cox, Stephonne Lewis, Daniel Poe, Leo Keller, Gerard Bloom, James Kurts, Roderick McCoy, Sr., and Robert Schilling, shall be **DEEMED ADMITTED** for purposes of this litigation.

**IT IS FURTHER ORDERED** that defendants, Eugene Rafferty, Charles Thompson, John Thomas, James Gewalt, Lynn Ferguson, Robert Rachal, Otis Nacoste, Tillman Cox, Stephonne Lewis, Daniel Poe, Leo Keller, Gerard Bloom, James Kurts, Roderick McCoy, Sr., and Robert Schilling, shall produce complete responses to the Interrogatories and Requests for Production of Documents propounded to them by plaintiffs within twenty (20) days of this Order and that they and/or their counsel shall pay plaintiffs $350.00 in attorney's fees in relation to plaintiffs' motion to compel within twenty (20) days of this Order.

**IT IS FURTHER ORDERED** that defendants, City of Baton Rouge, Mayor Melvin "Kip" Holden, and Chief of Police Jeff LeDuff, and/or their counsel of record shall pay, within twenty (20) days of this Order, a total of $787.50 to plaintiffs for the attorney's fees they incurred in connection with the preparation and filing of their motion for sanctions.

**IT IS FURTHER ORDERED** that defendants, City of Baton Rouge, Mayor Melvin "Kip" Holden, and Chief of Police Jeff LeDuff, shall produce complete responses to the Interrogatories and Requests for Production of Documents propounded to them by plaintiffs on February 6, 2008 within twenty (20) days of this Order.

*See*, June 2, 2009 Ruling, R. Doc. 42.

Plaintiffs have now filed the present, second motion for sanctions, wherein they contend that the defendants have failed to comply with any of the directives in the June 2, 2009 Ruling and have "rebuffed every effort to coordinate discovery, schedule depositions, or otherwise move this matter to a final resolution." *See*, R. Doc. 44, pp. 2-3.  The plaintiffs point out that this is not a case of a simple failure to provide sufficient responses to discovery; instead, it involves a wholesale failure on the defendants' part to comply with two (2) express orders of the Court commanding very specific actions.[2]  As a result of such failures, the plaintiffs request that the Court impose additional sanctions upon the defendants -- specifically, the sanction of entry of a default judgment against the defendants pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi).  They also request an award of the reasonable expenses and attorney's fees that they have incurred as a result of having to file the present motion.

## LAW & ANALYSIS

In the defendants' opposition, defense counsel explains that defendants submitted responses to plaintiffs' interrogatories, requests for production of documents, and second requests for admissions on November 9, 2009.  He also explains that defendants, the City of Baton Rouge, Mayor Holden, and Chief LeDuff, previously responded to plaintiffs' first request for admissions on February 20, 2008.  Defense counsel explains that the defendants' failure to timely respond to plaintiffs' discovery requests was "due to the sole fault of undersigned counsel and not the Defendants."  Defense counsel indicates that he

---

[2] The Court also issued a Ruling & Order on October 14, 2008, granting a motion to compel filed by the plaintiffs due to defendants' failure to respond to discovery requests propounded to them by the plaintiffs on February 6, 2008.  *See*, R. Doc. 30.  Defendants have also failed to comply with the directives in that Ruling & Order.

has been "tend[ing] to other matters and not to this case" and that he is "embarrassed by the delay in responding."  Defense counsel apologizes to both the Court and to plaintiffs' counsel, an attorney whom defense counsel indicates he has "much respect for and considers a friend in the legal profession."  In light of those representations, defense counsel requests that plaintiffs' motion for sanctions (R. Doc. 38), motion to compel (R. Doc. 39), and second motion for sanctions (R. Doc. 44) should be denied as moot, or alternatively, that defense counsel should be held in contempt and punished as the Court deems appropriate.

Although defendants have now submitted responses concerning discovery requests that were the subject of plaintiffs' prior motion for sanctions (R. Doc. 38) and prior motion to compel (R. Doc. 39), those responses are extremely untimely, and plaintiffs have been prejudiced by defense counsel's failure to diligently cooperate in discovery.  Accordingly, the Court will not withdraw its previous Ruling on such motions dated June 2, 2009 (R. Doc. 42), and defense counsel will still be required to pay the monetary sanctions imposed by that Ruling due to his failures to cooperate in discovery and file any oppositions to plaintiffs' discovery motions.[3]  Additionally, although the Court will not impose the ultimate sanction of a default judgment against defendants (as plaintiffs request in their present, second motion for sanctions), because defense counsel failed to timely respond to the present motion, failed to comply with several court orders, and failed to produce responses to plaintiffs' interrogatories, requests for production of documents, and second requests for

---

[3] The reason the Court says that *defense counsel* will be required to pay the monetary sanctions is because defense counsel has now represented to the Court that the failure to provide discovery responses is due to his sole fault and not that of the defendants.

4

admissions until November 9, 2009 (and apparently only because of the threat of the ultimate sanction of a default judgment being imposed as a result of the present motion), the Court finds that the present motion should not be denied as moot, and defense counsel's continued dilatory conduct should not go unpunished.  The Court finds an appropriate sanction is the imposition of an attorney's fees award against defense counsel for the fees that plaintiffs incurred in bringing this motion.  As with plaintiffs' prior discovery motions, their counsel has submitted that he expended two (2) hours researching, preparing, and filing the second motion for sanctions at an hourly rate of $175.00, resulting in a total attorney's fees award of $350.00.  Such hourly rate and amount of hours expended was previously approved by the Court in connection with plaintiffs' prior discovery motions and has never been opposed by defense counsel.  As such, defense counsel will be required to pay a monetary sanction of $350.00 in connection with this motion.

Accordingly;

**IT IS ORDERED** that the Second Motion for Sanctions (R. Doc. 44) filed by plaintiffs, Abraham Barousalian, Maral Kloumian, and Yeghia Barousalian, is hereby **GRANTED IN PART**, in that defense counsel shall pay a monetary sanction of $350.00 in connection with this motion, and **DENIED IN PART**, in that the other sanctions requested by the plaintiffs should not be imposed.   Further, this amount shall be paid within twenty (20) days from date of this order.

**IT IS FURTHER ORDERED** that the Court's Order of June 2, 2009 shall be complied with, also within twenty (20) days from date of this Order.

Signed in chambers in Baton Rouge, Louisiana, November 10, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

6